Argued January 5, affirmed February 8, 1921.

## STATE *v.* SHEE FONG.

(195 Pac. 369.)

**Criminal Law—Error as to Ruling Admitting Codefendant's Testimony Held Invited and an Academic Question.**

1. Where counsel for defendant made no effort to produce codefendant as a witness, and in his argument to the jury stated that defendant could not call his codefendant as a witness, and the assertion, made as a principle of law, was combated by counsel for the state and considerable argument ensued after which the trial judge ruled that the codefendant would have been a competent witness, defendant cannot complain of the ruling of the court, even if erroneous, since the question was academic and the error was invited.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 1.

In a separate trial the defendant Shee Fong was convicted of murder in the second degree on an indictment charging him jointly with Yee Guck and others, and has appealed.          AFFIRMED.

For appellant there was a brief over the names of *Mr. John F. Logan* and *Messrs. Winter & Maguire,* with oral arguments by *Mr. Robert F. Maguire* and *Mr. Logan.*

For the State there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, *Mr. Dan J. Malarkey,* Special Prosecutor, *Mr. George Mowrey,* Deputy District Attorney, and *Mr. Samuel H. Pierce,* Deputy District Attorney, with oral arguments by *Mr. Mowrey, Mr. Malarkey* and *Mr. Pierce.*

BURNETT, C. J.—1. This case and the case of *State* v. *Yee Guck* were heard together in this court: *ante,* p. 231 (195 Pac. 363). What has been said in the opinion this day rendered in the Yee Guck case is applicable to the issues in this case. As to re-

quests of the defendant to charge the jury, they were identical with those in the other case and need not be noticed here.

Yee Guck was tried first. No effort was made to produce him as a witness, either for the state or for the defense here, so far as the record shows. In argument to the jury, however, counsel for the defendant, Shee Fong, stated that the defendant then on trial could not call his codefendant as a witness. This assertion, made as a principle of law, was combated by the counsel for the state and considerable argument between opposing attorneys ensued, after which the trial judge ruled, in substance, that Yee Guck would have been a competent witness, and this is complained of as error. In our judgment, it is invited error, if any, of which the defendant cannot avail himself. If counsel for the defense had not brought the matter into the case by his argument, nothing probably would have been said about it. The defense raised a feigned issue *dehors* the record, and cannot complain of the result of its experiment. The case was to be tried by the jury and determined upon the evidence actually produced, not upon what might have been but was not. Whether the ruling of the Circuit Court on this academic question was correct or not, is not necessary to be decided. It is enough to say that the question was academic, and if the court was wrong, its error was invited, with no result beneficial to the defendant.

The other contentions in this case are disposed of and governed by what has already been said in the Yee Guck case.

The conclusion is that the judgment must be affirmed.                                        AFFIRMED.

McBRIDE, BEAN and HARRIS, JJ., concur.